NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ERIK RE'VOAL,

        Petitioner,

    v.

MICHELLE R. RICCI, et al.,

        Respondents.

Civil Action No. 08-4649 (JLL)

O P I N I O N

---

**APPEARANCES:**

Erik Re'Voal, Pro Se
New Jersey State Prison
# 301246
P.O. Box 862
Trenton, NJ 08625

Christopher Hsieh, Esq.
Passaic County Pros. Office
401 Grand Street
Paterson, NJ 07505
Attorney for Respondents

**LINARES, District Judge**

On September 17, 2008, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and an application to proceed in forma pauperis.[1] Respondents filed an answer to the petition on April 21, 2009 (docket entry 12).

Since then, Petitioner filed a letter for a copy of the answer (docket entry 15) and a motion for counsel (docket entry 16). Having considered the motion pursuant to Fed. R. Civ. P. 78, the Court will deny the motion, except that Petitioner's request for another copy of the answer shall be granted.

---

[1] Petitioner's application to proceed in forma pauperis has been granted by this Court under separate Order, dated October 6, 2008 (See docket entry 2).

## **DISCUSSION**

In his motion to appoint counsel (docket entry 16), Petitioner states that he is in administrative segregation, where he has no access to a law library, and that he plans to be in "ad seg" until 2011. He also states that he cannot afford an attorney, and that there are issues he wishes to address in the habeas case that are too complicated for him.

There is no Sixth Amendment right to appointment of counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)("our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997)(holding that there is no statutory or constitutional right of counsel conferred upon indigent civil litigants); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992)("there is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings).

Title 18 of the United States Code, section 3006A(a)(2)(B) states that counsel may be appointed to an indigent habeas petitioner where the "interests of justice so require."[2] In determining whether the interests of justice require appointment of counsel, the Court must examine whether or not the petitioner

---

[2] Likewise, 28 U.S.C. § 1915(e)(1) provides that a court may "request an attorney to represent any person unable to afford counsel."

2

has presented a meritorious claim.  See <u>Biggins v. Snyder</u>, 2001 WL 125337 at * 3 (D. Del. February 8, 2001)(citing <u>Reese v. Fulcomer</u>, 946 F.2d 247, 263-64 (3d Cir. 1991))(other citations omitted).  Next, the Court must determine whether the appointment of counsel will benefit the petitioner and the Court by examining the legal complexity of the case and the petitioner's ability to present his claims and investigate facts.  <u>See</u> <u>id.</u> (citing <u>Reese</u>, 946 F.2d at 264; <u>Parham v. Johnson</u>, 126 F.3d 454, 457-58 (3d Cir. 1997); <u>Tabron v. Grace</u>, 6 F.3d 147, 155-56 (3d Cir. 1993))(other citations omitted).  "Where these issues are 'straightforward and capable of resolution on the record,' or when the petitioner has 'a good understanding of the issues and the ability to present forcefully and coherently his contentions,' the court would not abuse its discretion in declining to appoint counsel."  <u>Id.</u> (citations and quotations omitted); <u>see also</u> <u>Paul v. Attorney General of New Jersey</u>, 1992 WL 184358 at * 1 (D.N.J. July 10, 1992)(stating that the factors the court should consider in appointing counsel include:  "(i) the likelihood of success on the merits; (ii) the complexity of the legal issues raised by the complaint; and (iii) the ability of the prisoner to investigate and present the case.").

In the instant case, the Court must first determine if Petitioner states non-frivolous, meritorious claims.  In his petition, Re'Voal makes numerous claims regarding the

3

ineffectiveness of his trial counsel, and a claim regarding jury charges. (See Petition for a Writ of Habeas Corpus, ¶ 12). From the face of the petition, these contentions do not appear to be frivolous, and may or may not have merit. See Neitzke v. Williams, 490 U.S. 319, 325 (1989)(in actions filed pursuant to 42 U.S.C. § 1983, a "frivolous" complaint is defined as one which has "inarguable legal conclusions" or "fanciful factual allegations").

Next, the Court must examine whether the appointment of counsel will benefit the Court and Petitioner. The instant case seems to be fairly "straightforward and capable of resolution on the record." See Parham, 126 F.3d at 460 (citing Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990)). Petitioner has shown his capability to proceed pro se by filing numerous applications to this Court, including letters and motions. Additionally, Petitioner's claims are not complex and are capable of resolution on the record. This Court's review of the petition is limited to reviewing whether the state court adjudications:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4

See 28 U.S.C. § 2254(d). With regard to Petitioner's claims, the record provided by Respondents should provide the Court with the information needed to resolve this case. It does not appear that expert testimony will be required.

A review of this case reveals that neither the legal issues which Petitioner must address, nor the factual underpinnings of his allegations are so complex as to warrant representation by an attorney. The overall allegations of the petition do not appear to be either factually or legally complicated. Petitioner's ineffective assistance of counsel claims and jury charge claim can be resolved by a review of the record in this matter. Finally, Petitioner may prove his allegations with evidence available to him without complicated discovery. Petitioner's claims have been presented in a clear and concise manner.

In sum, Petitioner has failed to demonstrate that special circumstances warrant the appointment of pro bono counsel in this action. Should Petitioner require additional time to meet deadlines, and, of course, makes the requisite good faith/good cause showing, this Court will entertain such requests.

At this early point in the proceedings, the Court will deny Petitioner's motion to appoint counsel, without prejudice, as it does not appear that the appointment of counsel would benefit both Petitioner and the Court.

## CONCLUSION

Based on the foregoing, Petitioner's motion for counsel is denied. An appropriate Order accompanies this Opinion.

_____
JOSE L. LINARES
United States District Judge

Dated: 6/17/10